IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONDEX INTERNATIONAL, INC., et al., | CASE NO. 1:03CV1322 |
| Plaintiffs, | |
| v. | JUDGE ALDRICH |
| | MAGISTRATE JUDGE HEMANN |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., | **MEMORANDUM OF OPINION** |
| | Docket #273 |
| Defendants. | |

    This matter is before the magistrate judge on referral.  Before the court is the motion of plaintiffs, Bondex International, Inc.; RPM, Inc.; and Republic Powered Metals, Inc., to compel the production of documents (Docket #273).  Defendants, Hartford Accident and Indemnity Co., Century Indemnity Co., Continental Casualty Co., Columbia Casualty Co., Allstate Insurance Co., and Mt. McKinley Insurance Co., oppose plaintiffs' motion (Docket #284).  This order is limited to resolution of one specific request for production of documents.  For the reasons described below the court grants plaintiffs' motion in part and overrules it in part.

I.

    Plaintiffs' motion raises four issues regarding documents which they believe the court should compel defendants to produce.  The court resolved three of the issues raised

by plaintiffs in a teleconference with the parties on February 9, 2006.[1]  Plaintiffs' remaining request is as follows:

> 4. **Certain reinsurance-related documents.**
>
> All reinsurance agreements pertaining to the policies Defendants issued to Plaintiffs, and all documents pertaining to any reinsurers' reserve settings and levels for those policies, and Defendants' communications with reinsurers relating to the [sic] their respective policies.

Defendants contend that the proprietary and confidential nature of reinsurance information requires that these materials be protected from discovery, and they cite a number of cases for that proposition.  An examination of these cases reveals, however, that they do not support such a conclusion.  *Minnesota Sch. Bds. Assoc. Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (N.D. Ill. 1999), involved letters to and from defendant's litigating attorney regarding the status of pending litigation and a letter from defendant's employee to another employee regarding communication with that attorney regarding the status of the litigation.  The court found the letters to be protected by attorney-client privilege.[2]  *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. 609 (E.D. Pa. 1991), while related to the issue of whether an insurer's reserves are discoverable, does not hold that reinsurance information *per se* is protected from discovery.  In *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283 (D.D.C.

---

[1] A court reporter was present at the teleconference, and a transcript of the discussion and the court's orders as to the other issues is available to counsel.

[2] *Herman v. Sunshine Chem Specialties, Inc.*, 133 N.J. 329, 343-44, 627 A.2d 1081, 1088-89 (1993), is even less relevant.  The issue in that case which is closest to the issues in the case at hand is the question of the extent to which a plaintiff is entitled to investigate a defendant's financial condition upon a finding that defendant is liable to plaintiff for punitive damages under New Jersey law.

1986), discovery of information about reinsurance was denied on the grounds of relevance, not because the information was proprietary or confidential.  Only in *Potomac Elec. Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, 3 (D.D.C. 1990), did the court refer to proprietary information:

> [W]e conclude that the correspondence [regarding reinsurance]--if it exists--lacks sufficient indicia of relevance.  This Court will not authorize a fishing expedition. In addition, the correspondence may well constitute proprietary information or be protected by the attorney-client privilege or the work product doctrine.  Therefore, the discovery [the party] seeks does not appear "reasonably calculated to lead to the discovery of admissible evidence."

A court's supposition that information about reinsurance "may well constitute proprietary information" is not sufficient to establish that information about reinsurance is privileged *per se*.

The court acknowledges that some communications between defendants and their reinsurers may be protected by the attorney-client privilege or work product privilege. Assertions of this privilege for particular documents should be made in the usual way and be accompanied by a privilege log.  The court will deal with these assertions of privilege only insofar as the parties are unable to resolve them among themselves.

Defendants make a stronger case for their assertion that information about reserves is not discoverable.  The court finds particularly persuasive the reasoning of the court in *Rhone-Poulenc Rorer*:

> This Court is persuaded by the argument . . . that a reserve essentially reflects an assessment of the value of the claim taking into consideration the likelihood of an adverse judgment.  **Such estimates of potential liability do not normally entail an evaluation of coverage based upon a thorough factual and legal consideration when routinely made as a claim analysis.**  This basic characteristic of reserve information was recognized by the court in *Union Carbide Corp. v. Travelers Indemnity Co,* 61 F.R.D. 411

3

(W.D. Pa.1973)[,] which noted that internal opinions and conclusions are not discoverable. Where the reserves have been established based on legal input, the results and supporting papers most likely will be work-product and may also reflect attorney-client privilege communications.

Although these risk management documents being sought by plaintiffs may not have in themselves been prepared in anticipation of litigation, they may be protected from discovery to the extent that they disclose the individual case reserves calculated by defendants' attorneys. The individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim. By their very nature they are prepared in anticipation of litigation, and consequently, they are protected from discovery as opinion work-product. *Hickman v. Taylor,* 329 U.S. 495, 512 (1947); *In re Murphy,* 560 F.2d 326, 336 (8th Cir. 1977).

\*    \*    \*    \*    \*

Thus, the aggregate reserve figures may give some insight into the mental processes of the lawyers in setting specific case reserves. This is inevitable, considering that these aggregates and averages are based upon the attorney's evaluations of the value of specific claims. Notably, this is not a situation where mental impressions are merely contained within and comprise a part of another document and can easily be redacted. Instead, the aggregate and average figures are derived from and necessarily embody the protected material. They could not be formulated without the attorney's initial evaluations of specific legal claims. Thus it is impossible to protect the mental impressions underlying the specific case reserves without also protecting the aggregate figures.

It can be argued, of course, that while this Court is protecting the mental impression/opinion work product concerning the attorney's evaluation of the reserve necessary for each lawsuit that I should not grant similar protection to any risk management department's opinion work-product concerning an aggregate reserve necessary for the underlying litigation. I find no basis in Rule 26(b)(3) for this distinction. Rule 26(b)(3) requires a court to "protect against disclosure of the mental impressions, conclusions opinions or legal theories of an attorney *or other representative* of a party concerning the litigation." Federal Rule of Civil Procedure 26(b)(3) (emphasis added.) Thus protective work product is not confined to information or materials gathered or assembled by a lawyer. Instead, it includes materials gathered by any consultant, surety, indemnitor, insurer, agent, or even the party itself. Federal Rule of Civil Procedure 26(b)(3). The only question is whether the mental impressions were documented, by either a lawyer or non-lawyer in anticipation of litigation.

4

> Finally, it should be stated that a party, in managing its litigation, should not be forced to provide materials to its opponent that necessarily reflect its lawyers' mental impressions regarding the litigation and containing its agents' mental impressions concerning the cost of the litigation. Were I to hold that the documents are discoverable as only indirectly reflecting the attorneys' impressions because they might be created for business planning purposes, such a holding would make it extremely hazardous for a business to finance and plan for its defense. The incidental effect of such a decision could be the failure of litigants to properly document and consider all the factors that bear upon the decision to try or settle lawsuits. Cf. *Hickman v. Taylor,* 329 U.S. at 511 ("Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten."). These documents based on mental impressions of its lawyers and representatives concerning litigation, strategy and costs may be of limited value, but they should not be the subject of discovery.

139 F.R.D. at 613-616 (emphasis added). Plaintiffs cite no case which persuasively rebuts the court's reasoning in *Rhone-Poulenc Rorer*.

This court agrees that evidence of the amount of reserves is not relevant because it is not necessarily based on a full knowledge of the facts and the law of the case. Instead, the number most often reflects a business decision, and a business decision, while perhaps of interest to plaintiffs, is not relevant to the litigation. Moreover, the decision is the work product of either legal counsel or members of the risk management department and hence is protected by Fed. R. Civ. Pro. 26(b)(3) and caselaw.

II.

For the reasons given above the court grants plaintiffs' motion to compel defendants to produce reinsurance agreements pertaining to the policies defendants issued to plaintiffs and defendants communications with reinsurers relating to the respective policies. To the extent such documents involve attorney/client privilege or work product doctrine, defendants shall identify them in a privilege log. Plaintiffs' motion is overruled with respect to their request for documents pertaining to any reinsurers' reserve settings and levels for

the relevant policies.

**IT IS SO ORDERED**.


Date: February 14, 2006 /s/Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge