IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BONDEX INTERNATIONAL, INC., et al.,    )
    )    Case No. 1:03-CV-01322
    Plaintiffs,    )
    )    Judge Ann Aldrich
    v.    )
    )    Magistrate Judge Patricia A. Hemann
HARTFORD ACCIDENT AND INDEMNITY    )
COMPANY, et al.,    )
    )    <u>MEMORANDUM AND ORDER</u>
    Defendants.    )
    )

Before the court is third-party defendant Colony Specialty Insurance Company's ("Colony")

motion for summary judgment [Docket No. 190] regarding the third-party claims made against it by

defendants/third-party plaintiffs Mt. McKinley Insurance Company ("McKinley"), Continental Casualty

Company ("Continental"), Columbia Casualty Company ("Columbia"), Century Indemnity Company

("Century"), and Allstate Insurance Company ("Allstate").  For the following reasons, the court grants

Colony's motion, enters judgment in favor of Colony on all third-party claims against it, and dismisses

Colony from this action.

**Background**

This case concerns insurance policies issued by McKinley, Continental, Columbia, Century and

Allstate or their predecessors-in-interest to plaintiffs RPM, Inc. ("RPM"), Bondex International, Inc.

("Bondex") and Republic Powdered Metals, Inc. ("Republic") and whether those policies have been

exhausted by claims filed against RPM, Bondex and Republic for asbestos-related personal injuries.

The central issue raised in the main case is whether asbestos-related claims arising out of products

manufactured by The Reardon Company ("Reardon") prior to Reardon's acquisition by what would

become RPM are subject to coverage limits in insurance policies issued by the defendants.  The

plaintiffs allege in their complaint that because claims arising out of materials manufactured by Reardon prior to its purchase are not claims arising out of materials manufactured "by named insured," the limits in the defendants' policies do not apply and plaintiffs are entitled to coverage without limit on claims arising out of materials manufactured by Reardon prior to its purchase.

The third-party complaints filed by Century, McKinley, Continental, Columbia and Allstate put at issue by Colony's motion for summary judgment all seek declaratory relief against Colony and contribution from Colony.  Colony's predecessor-in-interest issued a number of primary insurance policies covering asbestos-related claims against RPM, Bondex and Republic, but came to a settlement with RPM, Bondex and Republic regarding Colony's remaining coverage duties in February 2000.  That settlement contained a complete and total release for any and all claims, known and unknown, that RPM, Bondex or Republic had or might have had against Colony, including those for Colony's duty to provide coverage for any asbestos-related claims.  The settlement deemed all of Colony's policies exhausted and its obligations fulfilled.  Both McKinley's predecessor-in-interest and Columbia were parties to that settlement agreement.  Century, McKinley, Continental, Columbia and Allstate, however,  now argue that if claims arising out of Reardon-manufactured asbestos products are not subject to coverage limits in their policies, then those claims also are not subject to coverage limits in Colony's policies and therefore that Colony must contribute to any costs Century, McKinley, Continental, Columbia and Allstate are required to pay RPM, Bondex and Republic as a result of the main action.

### Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their positions. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In its motion for summary judgment, Colony argues that the third-party claims for contribution and declaratory relief are barred by Colony's February 2000 settlement with RPM, Bondex, and

Republic because of the complete release contained therein. Century, McKinley, Continental, Columbia and Allstate have responded by requesting an application under FED. R. CIV. P. 56(f), arguing that they are entitled to more discovery -- specifically regarding the negotiations between and among and the understandings between the parties to the settlement -- before the court rules on Colony's motion.

However, the settlement agreement speaks for itself unambiguously. Moreover, the argument that discovery might provide evidence that would allow Century, McKinley, Continental, Columbia and Allstate to attack the settlement in some way is belied by the fact that neither McKinley nor Columbia, parties to the settlement agreement, have made any allegations attacking the validity of the settlement agreement or the release contained therein. The material facts concerning this motion and the third-party claims implicated by it are undisputed, and the court may rule as a matter of law.

Colony cites the slip opinion of Magistrate Judge Hemann in *Gencorp, Inc. v. AIU Ins. Co.*, in support of its position that an excess insurer has no right of contribution from a primary insurer who has settled with the insured. No. 1:02-CV-1770 (N.D. Ohio July 23, 2003). Magistrate Judge Hemann cited a Third Circuit case in that opinion, which explains the rationale behind that rule. *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440 (3d Cir. 1996). The Third Circuit in *Koppers*, in answering a question of Pennsylvania law not yet addressed by that state's supreme court, predicted that the Pennsylvania Supreme Court would bar contribution actions by non-settling insurers against settling insurers and instead have trial courts consider the amount of the settlement in a set-off when determining the liability of non-settling insurers. 98 F.3d at 1452-53. The Third Circuit predicted that result for three reasons: (1) a lower Pennsylvania court had already reached the same result; (2) Pennsylvania's rule supporting the finality and encouragement of settlements would be undermined if contribution actions were permitted; and (3) the Pennsylvania Supreme Court had reached a nearly identical result in addressing

-4-

the ability of non-settling tortfeasors to seek contribution against settling tortfeasors in a case of joint-and-several liability.  *Id.* (citing *Charles v. Giant Eagle Mkts.*, 513 Pa. 474, 477, 522 A.2d 1, 2-3 (1987)).

As far as the court is able to determine, no Ohio court has addressed this question.  And while Ohio law did contain a statute barring contribution actions by non-settling tortfeasors against settling tortfeasors in a case of joint-and-several liability, that statute has since been repealed for reasons unrelated to its content.  OHIO REV. CODE § 2307.32 (repealed 2001).  Ohio law does, however, contain the same general rule supporting the finality and encouragement of settlements, even if upholding such a settlement creates a detriment to non-settling parties.  *See, e.g., Krischbaum v. Dillon*, 58 Ohio St.3d 58, 69-70, 567 N.E.2d 1291, 1301-02 (1991) (holding that as long as there is no collusion or bad faith, a settlement will be upheld even if it is to the detriment of other, non-settling parties).  As neither McKinley nor Columbia, parties to the settlement agreement, have made allegations of collusion or bad faith, much less provided evidence to that end, the court must uphold the February 2000 settlement.

While Ohio law does not provide the court with as many reasons as the Third Circuit possessed in *Koppers* to bar contribution actions by non-settling insurers against settling insurers, the reasoning in *Koppers* applies with full force.  Allowing contribution actions by Century, McKinley, Continental, Columbia and Allstate undermines the finality of the settlement between Colony, RPM, Bondex, Republic, McKinley and Columbia.  And allowing contribution actions by those parties is not the only way for those parties to protect themselves if RPM, Bondex and Republic chose to settle their claims against Colony for less than the coverage limit in Colony's policies.  *See Koppers Co.*, 98 F.3d at 1452-53.  Century, McKinley, Continental, Columbia and Allstate are still protected, to the same degree they were before, by the terms of their insurance policy contracts with RPM, Bondex and Republic.  Century, McKinley, Continental, Columbia and Allstate are also able to assert that the settlement from Colony

-5-

should reduce whatever award is made against them, to ensure that the risk of settling too low remains where it should -- on RPM, Bondex and Republic.  *Id.* at 1455.

The other consideration raised by the rule in *Koppers* -- precisely how the settlement amount interacts with policies issued by Century, McKinley, Continental, Columbia and Allstate and what they may owe RPM, Bondex and Republic at the conclusion of the main action - - need not be addressed now.  The only matter raised is whether the contribution actions of Century, McKinley, Continental, Columbia and Allstate against Colony are barred.  The court holds that they are, and therefore grants Colony's motion for summary judgment.

### Conclusion

For the foregoing reasons, Colony's motion for summary judgment [Docket No. 190] is granted. Judgment is entered for Colony on all third-party claims against it, and Colony is dismissed from this action.[1]  As Allstate's third-party complaint [Docket No. 139] only contained claims against Colony, that  third-party complaint is dismissed in its entirety.

As all claims against Colony have been dismissed from this case, pursuant to FED. R. CIV. P. 54(b), the court orders entry of final judgment in favor of Colony alone.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:  March 21, 2006**

---

[1]  The third-party claims against Colony are contained in Continenal and Columbia's Amended Third-Party Complaint [Docket No. 132], Century's Third-Party Complaint [Docket No. 61], McKinley's Third-Party Complaint [Docket No. 89], and Allstate's Third-Party Complaint [Docket No. 139].