IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONDEX INTERNATIONAL, INC., et al., ) | |
| ) | Case No. 1:03-CV-01322 |
| Plaintiffs, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge Patricia A. Hemann |
| HARTFORD ACCIDENT AND INDEMNITY ) | |
| COMPANY, et al., ) | |
| ) | ORDER |
| Defendants. ) | |
| ) | |

Before the court are a number of motions: (1) defendant Century Indemnity Company's ("Century") motion to bifurcate and stay [Docket No. 235];[1] (2) plaintiffs Bondex International, Inc., RPM, Inc. and Republic Powdered Metals, Inc.'s (collectively, "Bondex") motion for leave to file a summary judgment motion [Docket No. 359]; (3) Century's motion to strike or stay the motion for leave and to extend deadlines [Docket No. 366];[2] (4) Century's motion for leave to file corrected memoranda [Docket No. 375]; (5) McKinley's motion for partial summary judgment [Docket No. 377]; (6) Bondex's motion for leave to file cross-motion for partial summary judgment [Docket No. 447]; and (7) McKinley's motion for conference [Docket No. 453].

Based on the colloquy between counsel and the court at the status conference on May 16,

---

[1] Defendants Mt. McKinley Insurance Company ("McKinley") and Hartford Accident and Indemnity Company ("Hartford") have filed motions to join [Docket Nos. 247, 261] Century's motion to bifurcate and stay. This order resolves those motions for joinder as well.

[2] Century, McKinley, Hartford and defendants Allstate Insurance Company ("Allstate"), Continental Casualty Company ("Continental"), and Columbia Casualty Company ("Columbia") joined in the motion for extension of deadlines [Docket No. 387]. McKinley also filed its own motion for extension of deadlines [Docket No. 452]. This order resolves those motions as well.

2006, the court finds that, in this case, any summary judgment motions filed before the close of discovery would be premature.  The parties indicated that even with respect to the issue of liability, completion of discovery would be necessary before all arguments could be fully prepared and presented.  Therefore, the court denies Bondex's motion for leave to file summary judgment [Docket No. 359], denies without prejudice McKinley's motion for partial summary judgment [Docket No. 377], and denies Bondex's motion for leave to file cross-motion for partial summary judgment [Docket No. 447].  Summary judgment motions concerning the liability of one, some or all of the defendants on Counts I through IX of the first amended complaint [Docket No. 213] may not be filed until the close of both fact and expert discovery concerning liability, according to the schedule set forth below.

## I. Scope of Discovery

In Count X of the first amended complaint [Docket No. 213], Bondex for the first time asserted a claim of bad faith against Hartford, Century, Columbia, Continental and McKinley for their actions after the July 3, 2003, filing of the original complaint.  In other words, Bondex claims that by opposing this lawsuit instead of giving in and settling, Hartford, Century, Columbia, Continental and McKinley engaged in bad faith conduct.  While the court does not express any opinion as to the merits of this claim, the court notes that discovery on this claim would require Hartford, Century, Columbia, Continental and McKinley to reveal communications within and amongst themselves and their counsel that would ordinarily be protected by a number of privileges.

For that reason, the court grants in part and denies in part Century's motion to bifurcate and stay, as well as McKinley and Hartford's respective joinders in that motion [Docket No. 235, 247, 261].  The motion to bifurcate Count X is denied without prejudice at this time, with leave to re-file that motion after summary judgment motions on the issue of liability for the other nine claims have

been resolved. The motion to stay discovery on Count X is granted in part, and the court orders that no discovery on Count X shall take place. An application to lift the stay of discovery on Count X may be filed after summary judgment motions on the issue of liability for the other nine claims have been resolved.

With respect to discovery on Counts I through IX, discovery on liability, damages, and other issues on those claims may be taken, but all discovery on liability issues must be completed according to the schedule set forth below. Discovery on damages and other issues not necessary to the resolution of liability questions may still take place while the court considers summary judgment motions on the liability issue.

**II.     Case Management Deadlines**

Century and McKinley have separate pending motions concerning discovery and dispositive motion deadlines [Docket Nos. 366, 452], and all defendants have joined in Century's motion [Docket No. 387]. The court therefore denies Century's motion to strike or stay Bondex's motion for leave to file summary judgment, as the court has already denied Bondex's motion. However, the court grants defendants' motions for extension of deadlines [Docket Nos. 366, 387, 452][3] and sets the following schedule:

- Fact discovery for all matters concerning liability on Counts I through IX must be completed by August 4, 2006.

- Plaintiffs' expert disclosures and expert reports on all matters necessary to determine liability on Counts I through IX must be made or completed by September 1, 2006.

- Defendants' expert disclosures and expert reports on all matters necessary to determine liability on Counts I through IX must be made or completed by September 29, 2006.

---

[3] Century's motion for leave to file corrected memoranda [Docket No. 375] is denied as moot, given the court's disposition of Century's motion to extend deadlines [Docket No. 366].

- Expert discovery on all matters necessary to determine liability on Counts I through IX must be completed by November 17, 2006.

- Dispositive motions on the issue of liability on Counts I through IX may be filed no earlier than November 20, 2006, but must be filed no later than December 29, 2006. Dispositive motions on issues other than liability on Counts I through IX may not be filed without leave of court until after dispositive motions on the issue of liability on Counts I through IX have been resolved.

- Responses to dispositive motions on the issue of liability on Counts I through IX may be filed no earlier than January 2, 2007, but must be filed no later than Feburary 16, 2007. This deadline supersedes the deadline for memoranda in opposition set by N.D. Ohio Civ. R. 7.1(d).

- Replies to responses to dispositive motions on the issue of liability on Counts I through IX may be filed no earlier than February 20, 2007, but must be filed no later than March 16, 2007. This deadline supersedes the deadline for reply memoranda set by N.D. Ohio Civ. R. 7.1(e).

As the court has set new deadlines, the grounds for McKinley's emergency motion for conference [Docket No. 453] have been mooted, and the court denies that motion.

### III. Conclusion

Century's motion to bifurcate and stay [Docket No. 235] and McKinley and Hartford's joinders therein [Docket Nos. 247, 261] are granted in part and denied without prejudice in part as described in Section I of this order.

Bondex's motions for leave to file summary judgment or partial summary judgment motions [Docket Nos. 359, 447] are denied, and McKinley's motion for partial summary judgment [Docket No. 377] is denied without prejudice.

Century's motion to strike or stay the motion for leave and extend deadlines [Docket No. 366] is granted in part and denied in part as described in Section II of this order. Century's motion for leave to file corrected memoranda [Docket No. 375] is denied as moot. The defendants' joinder in Century's motion to extend deadlines [Docket No. 387] and McKinley's motion to extend

deadlines [Docket No. 452] are granted as described in Section II of this order.

     IT IS SO ORDERED.

                                              /s/Ann Aldrich
                                          ANN ALDRICH
                                          UNITED STATES DISTRICT JUDGE

**Dated: July 21, 2006**