IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONDEX INTERNATIONAL, INC., et al., ) | |
| ) | Case No. 1:03-CV-01322 |
| Plaintiffs, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge Patricia A. Hemann |
| HARTFORD ACCIDENT AND INDEMNITY ) | |
| COMPANY, et al., ) | |
| ) | ORDER |
| Defendants. ) | |
| ) | |

Before the court is plaintiffs Bondex International, Inc., RPM, Inc. and Republic Powdered Metals, Inc.'s (collectively, "Bondex") motion for preliminary injunction [Docket No. 361], as well as defendant Century Indemnity Company's ("Century") motion for leave to file a sur-reply [Docket No. 418]. For the following reasons, the court denies Bondex's motion for preliminary injunction and denies Century's motion for leave as moot.

"When presented with a motion for a preliminary injunction, a district court considers four factors: (1) the plaintiffs' likelihood of success on the merits, (2) whether the plaintiffs could suffer irreparable harm without the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) the impact of the injunction on the public interest." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995)). While the court's task is to review all four factors and balance them in deciding whether to grant relief, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959) (citations omitted).

In this case, Bondex seeks an injunction requiring the defendant insurance companies to pay for defense costs in advance of a ruling on Bondex's declaratory judgment and breach of contract claims. Bondex claims that the amount in question, potentially millions of dollars, must be paid to avoid significant financial harm to Bondex. Yet financial harm such as this, short of "the prospect of imminent bankruptcy," is not "irreparable harm for purposes of awarding preliminary injunctive relief." *Dover Steel Co. v. Hartford Accident & Indemn. Co.*, 806 F.Supp. 63, 65 (E.D. Pa. 1992) (denying plaintiff insured's request for preliminary injunctive relief seeking to order defendant insurer to reimburse insured's already-expended costs and assume future costs in a separate action arguably covered by insured's policies). In that case, Judge Robreno also noted that "[a]n alternative ground for denying plaintiffs' request for payment . . . is that plaintiffs herein are, in effect, asking the Court to require defendants to pay plaintiffs the damages plaintiffs seek in the underlying contract dispute while that dispute is in the process of being litigated." *Id.* at 67.

Bondex argues that the defendant insurance companies' duty to defend mandates such an injunction, because "[w]hen a dispute arises over exhaustion of policy limits, a primary insurer must defend until it obtains a declaratory judgment or summary judgment that it has exhausted its policy limits." *Hartford Accident & Indemn. Co. v. Superior Court*, 23 Cal. App. 4th 1774, 1781, 29 Cal. Rptr. 2d 32, 36 (1994). However, even if that duty exists under Ohio law and applies here, that duty would not mandate an injunction. If the defendant insurance companies fail to defend, then Bondex is entitled to seek damages at law as it is doing in this action. Nothing in that statement of law by the California Court of Appeal requires an injunction by this court.

Bondex also argues that the "failure to receive defense costs when they are incurred" is irreparable harm. *In re WorldCom, Inc. Sec. Litig.*, 354 F.Supp.2d 455, 469 (S.D.N.Y. 2005). However, Judge Cote in that case distinguished between directors & officers ("D&O") insurance on

the one hand and "the duty to defend and indemnify a corporation" on the other. *Id.* at 470. Judge Cote found irreparable injury in *WorldCom* due in large part to the policy consideration created by D&O insurance. *Id.* at 469. More importantly, he cited *Dover Steel* and distinguished it from the matter before him; in other words, Judge Cote impliedly found that failure to defend under a D&O policy constitutes irreparable harm, but that failure to defend a corporation under an insurance policy does not.

This court agrees with Judge Robreno and Judge Cote that the duty to defend and indemnify a corporation does not give rise to irreparable injury, necessitating preliminary injunctive relief. Furthermore, ordering the defendant insurance companies to pay defense costs in advance of a ruling in this case on whether they are actually obligated to do so is a substantial, but not an irreparable, harm. Finally, as Judge Robreno noted, granting the injunction "would be tantamount to making available to plaintiffs the financial fruits of victory when their right to obtain judgment remains at issue." *Dover Steel*, 806 F.Supp. at 68.

Without expressing any opinion on Bondex's likelihood of success on the merits, the court finds that the other three factors weigh strongly against granting injunctive relief in this case. Therefore, Bondex's motion for a preliminary injunction [Docket No. 361] is denied. As the court has resolved the matter, Century's motion for leave to file a sur-reply [Docket No. 418] is denied as moot.

This order is not final, but pursuant to 28 U.S.C. § 1292(a)(1), this order is appealable.

IT IS SO ORDERED.

          /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: July 21, 2006**