UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONDEX INTERNATIONAL, INC., et al., ) | |
| ) | Case No. 1:03-CV-01322 |
| Plaintiffs, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | Magistrate Judge Patricia Hemann |
| HARTFORD ACCIDENT AND INDEMNITY ) | |
| COMPANY, et al., ) | |
| ) | O R D E R |
| Defendants. ) | |
| ) | |

Before the court are the objections of defendants Mt. McKinley Insurance Company ("McKinley") and Allstate Insurance Company ("Allstate") [Docket Nos. 346, 349] to Magistrate Judge Hemann's April 12, 2006 Order [Docket No. 335], and McKinley's objection [Docket No. 460] to a ruling by Magistrate Judge Hemann on June 14, 2006. For the following reasons, the court grants in part and denies in part McKinley and Allstate's objections to the April 12 Order, and denies the objections to the June 14 ruling.

With respect to the April 12 Order, McKinley and Allstate raise two separate objections to that order, which allows discovery of pre-exhaustion communications between plaintiffs and Bowers Orr, their national coordinating counsel for asbestos claims, but not for discovery of post-exhaustion communications. The first objection alleges that, by filing this action, the plaintiffs have put post-exhaustion communications at issue, so that the privilege which would ordinarily shield those communications has been implicitly waived, under the test described in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). That test, as accepted by different districts of the Ohio Court of Appeals, requires a party seeking disclosure to satisfy three elements. The third element, that application of the privilege

would somehow deny a party access to information "vital to its defense", is dispositive of McKinley and Allstate's objection. *Ward v. Graydon, Head & Ritchey*, 147 Ohio App. 3d 325, 330, 770 N.E.2d 613, 617 (12th Dist. 2001).  Neither McKinley nor Allstate, in either their letter briefs to Magistrate Judge Hemann or their objections filed with this court, have been able to describe with any specificity how or why the materials sought are not just helpful, but *vital* to their cases.  Therefore, the court overrules that objection, and affirms Magistrate Judge Hemann's order holding that, generally, post-exhaustion communications between plaintiffs and Bowers Orr are protected by the attorney-client privilege.

However, the court must grant the second objection raised by McKinley and Allstate.  In that objection, McKinley and Allstate argue that the plaintiffs have *explicitly* waived privilege, at least for certain communications between the plaintiffs and Bowers Orr, by producing post-exhaustion communications to the defendants.  The sample communications attached to McKinley's reply letter brief [Docket No. 335] are not just post-exhaustion; they are post-*filing* of this action.  More to the point, those communications are obviously privileged, as they discuss potential litigation strategy, strength of the respective cases, requests for settlement authority and amount, and other matters obviously and ordinarily considered privileged. Regardless of McKinley's failure to bring that fact up in its initial letter brief [Docket No. 332], the plaintiffs have explicitly waived the privilege by producing those communications.  The Magistrate Judge did not address this argument specifically because McKinley failed to raise that argument in its initial letter brief.  However, this court can and will address that argument. The court therefore orders that while post-exhaustion communications between plaintiffs and Bowers Orr are generally privileged, and need not be produced, <u>all</u> post-exhaustion communications in the specific claim files, from which the plaintiffs already have produced <u>some</u> of those communications, must be produced.  In other words, defendants shall list all of the specific claimants represented by the

otherwise-privileged post-exhaustion communications already produced, and plaintiffs must produce all post-exhaustion communications between plaintiffs and Bowers Orr for the files for those specific claimants.

Finally, with respect to the ruling made by Magistrate Judge Hemann during the June 14, 2006 teleconference, the court denies McKinley's objection. After reviewing the transcript of those proceedings, it is clear that Magistrate Judge Hemann's ruling allows McKinley to receive and commands the plaintiffs to produce, the pertinent information - - namely, which claims are alleged by the plaintiffs to lie outside the coverage limits, and the exposure dates for each of those claims. The court finds that the Magistrate Judge has wisely and correctly divined precisely what information is pertinent, and correctly ruled so as to avoid the consequences of further questionable conduct by all parties.

For those reasons, the court grants in part and denies in part McKinley and Allstate's objections to the April 12 Order [Docket Nos. 346, 349], and denies McKinley's objection to the June 14 ruling [Docket No. 460].

IT IS SO ORDERED.

    /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: October 18, 2006**