UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONDEX INTERNATIONAL, INC., et al., ) | |
| ) | Case No. 1:03-CV-01322 |
| Plaintiffs, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | |
| HARTFORD ACCIDENT AND INDEMNITY ) | |
| COMPANY, et al., ) | |
| ) | O R D E R |
| Defendants. ) | |
| ) | |

Before the court is third-party defendant Colony Specialty Insurance Company's ("Colony") motion for sanctions pursuant to Federal Rule of Civil Procedure 11 [Docket No. 543]. In a February 1, 2007 memorandum and order [Docket No. 540], the court granted Colony's motion for summary judgment on all third-party claims against it and dismissed it from this case. Now, Colony seeks sanctions against the defendants/third-party plaintiffs for filing the third-party complaints in the first place.

In the Sixth Circuit, the test for whether sanctions under Rule 11 are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir.1997); *Runfola & Assoc., Inc. v. Spectrum II, Inc.*, 88 F.3d 368, 372 (6th Cir.1996). Specifically, the court must determine whether the conduct at issue was "objectively unreasonable." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (citation omitted).

In its February 1 memorandum and order, the court held that the reasoning the Third Circuit applied to predict Pennsylvania law, on an issue where the Pennsylvania Supreme Court had not spoken, would apply to allow this court to predict Ohio law, on an issue where the Ohio Supreme Court had not spoken, based on the similarities between Pennsylvania and Ohio law on the effect of

settlements. Under Ohio law, a general right of contribution exists among and between insurance companies providing overlapping coverage to a single insured, as explicitly recognized by the Ohio Supreme Court. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 769 N.E.2d 835, 841 (Ohio 2002). Despite what Colony suggests, the Ohio Supreme Court had no occasion to consider whether an insured-insurer settlement would affect those general contribution rights, as none of the insurers in *Goodyear* settled. *Id.* at 839. And as the court found when issuing its February 1 memorandum and order, no Ohio court, much less the Ohio Supreme Court, has had the opportunity to consider that question and definitively answer it so far as Ohio law is concerned. Therefore, it was perfectly and objectively reasonable, given the ways in which courts in other states have determined the effect of settlements on the rights of contribution, for the defendants/third-party plaintiffs to file the third-party complaints against Colony.

Under its settlement agreement with the plaintiffs, Colony could certainly expect no further litigation from the plaintiffs for coverage. But it was objectively reasonable for defendants/third-party plaintiffs, especially those not party to the settlement agreement, to see if contribution might be obtained from one of plaintiffs' primary insurers, given the plaintiffs' current claims. The court therefore finds that the filing of the third-party complaints was objective reasonable at the time of filing and today, and denies Colony's motion for sanctions [Docket No. 543].

IT IS SO ORDERED.

                                                /s/Ann Aldrich
                                             ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

**Dated: March 22, 2007**