UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MID-WEST MATERIALS, INC., ) | |
| ) | Case No. 1:05-CV-02045 |
| Plaintiff, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | Magistrate Judge David S. Perelman |
| PACKARD LOGISTICS, INC., et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court are two motions for leave to amend by plaintiff Mid-West Materials, Inc. ("Mid-West") [Docket Nos. 28, 44], and motions for summary judgment from defendants R.H. Boelk Truck Lines, Inc. ("Boelk") [Docket No. 25], Packard Transport, Inc. ("Transport") [Docket No. 26], and Packard Logistics, Inc. ("Logistics") [Docket No. 27]. For the following reasons, the court denies both motions for leave to amend, grants Boelk and Transport's motions for summary judgment, and remands the claim against Logistics to the Lake County Court of Common Pleas.

**I.      Background**

Mid-West filed a one-count complaint against Boelk, Transport and Logistics in the Lake County Court of Common Pleas in August 2005, asserting a breach of contract claim for failure to deliver steel from Mid-West's warehouse in Perry, Ohio to a site in Illinois. Mid-West claimed a total of just under $19,000 in damages from the alleged breach. The three defendants removed the action to this court on August 22, 2005, citing the court's federal question jurisdiction under the Carmack Amendment. 28 U.S.C. §§ 1331, 1337. Boelk and Transport are both "motor carriers" as defined by the Carmack Amendment because they provide "commercial motor vehicle . . .

transportation for compensation." 49 U.S.C. § 13102(14). Logistics is a "broker" under the Carmack Amendment, because it is not itself a motor carrier, but does arrange for the services of motor carries. 49 U.S.C. § 13102(2). All three defendants appear to be Illinois residents for the purposes of diversity jurisdiction, while Mid-West is located in Ohio. Boelk, Transport and Logistics argued in their notice of removal that the Carmack Amendment's remedy provision, 49 U.S.C. § 14706, applies to this action, because it involves a dispute over the commercial transport of goods through interstate commerce as defined in 49 U.S.C. § 13501(1)(A).

The court held a case management conference for this matter in September 2005, setting an initial deadline for amendment of pleadings to add claims or parties of December 15, 2005. On October 3, 2005, the defendants filed a "Submission of On-Point Authority on Carmack Amendment Act Applicability" [Docket No. 15], which raised the issue of preemption of state law claims against motor carriers operating in interstate commerce. The deadline for amendment of pleadings was extended three times – to January 15, 2006, then to February 17, 2006, and finally to April 3, 2006. No amended complaint was filed prior to April 3, 2006. On May 8, 2006, the defendants filed the instant motions for summary judgment. On May 19, 2006, Mid-West filed the first motion for leave to amend its complaint, seeking to add parties and a Carmack Amendment claim. Its second motion, filed July 19, 2006, seeks similar relief.

According to notes produced by Mid-West in discovery, it contacted Duane Buell ("Buell"), one of the parties it seeks to add in its amended complaint, in April 2005 about the steel delivery, because Buell was the driver. In Buell's January 2006 deposition, he mentioned both the fact that he had driven the load of steel to Illinois, and that Steve Barkman, the other party Mid-West seeks to add in its amended complaint, was his "boss" for this particular load of steel.

## II. Discussion

### A. Motion for Leave

As the thrice-extended April 3, 2006 deadline to amend pleadings has expired, Mid-West must establish good cause for the delay in order for the court to grant leave to amend. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). It is quite clear from the evidence presented that Mid-West knew of Buell's involvement in this matter before the action in state court was even filed, and certainly by the time Buell was deposed in January 2006, three months before the final deadline for amending pleadings. Mid-West also clearly knew of Steve Barkman's involvement in this matter from at least January 2006, despite its professed inability to locate an address for Mr. Barkman until this point in time. More to the point, Mid-West never asked for additional time to discover the pertinent information with respect to Mr. Barkman. The court therefore finds that no good cause exists to excuse Mid-West's delay in attempting to amend its complaint to add these two parties, and denies leave to add those two defendants.

Mid-West also demonstrates no good cause to excuse its failure to add a Carmack Amendment claim, as it was apprised of the statute's applicability in October 2005, two months before the initial deadline to amend pleadings, and never sought to add a Carmack Amendment claim until after the expiration of the final deadline in April 2006. The court finds that no good cause exists to excuse Mid-West's delay in attempting to amend its complaint to add a Carmack Amendment claim against the existing defendants. Furthermore, Buell, Mr. Barkman and the three existing defendants would suffer significant undue prejudice if the court granted leave to amend at this time. *Id.* at 905 (citation omitted). For those reasons, the court denies both of Mid-West's motions for leave to amend.

**B.     Motions for Summary Judgment**

*1.     Boelk and Transport's Motions*

Under long-standing Supreme Court case law, the Carmack Amendment's regulation of interstate commerce carriers is so complete and detailed that "there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).  The Sixth Circuit has also recognized this long-standing precedent, holding that "the Carmack Amendment preempted common law suits" against interstate commercial carriers of property.  *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972).  As both Boelk and Transport are carriers and claims against them concerning property transported by them through interstate commerce are governed by the Carmack Amendment, any state law claims against them on those grounds are completely preempted.  The court therefore grants both Boelk and Transport's motions for summary judgment, and enters judgment as a matter of law for them on Mid-West's sole claim against them for breach of contract.

*2.     Logistics' Motion*

Logistics, however, is a broker, not a carrier, and remedies against it are not governed by the Carmack Amendment but by applicable state law.  49 U.S.C. § 14706(a) (governing "motor carriers" and "freight forwarders" but not "brokers); *PNH Corp. v. Hullquist Corp.*, 843 F.2d 586, 591 (1st Cir. 1988).  Thus, while Mid-West's breach of contract claim against Logistics is not preempted because the Carmack Amendment does not apply, this court lacks federal question jurisdiction over that claim for the same reason.

The only possible basis for subject matter jurisdiction over Mid-West's claim against

-4-

Logistics is diversity jurisdiction. However, as this matter involves an amount in controversy below the jurisdictional minimum of $75,000, no diversity jurisdiction exists in this case. 28 U.S.C. § 1332(a). Because the court lacks subject matter jurisdiction over Mid-West's claim against Logistics, it must deny Logistics' motion for summary judgment and remand the matter to the Lake County Court of Common Pleas. 28 U.S.C. § 1447(c).

### III. Conclusion

For the foregoing reasons, the court denies both of Mid-West's motions for leave to amend [Docket Nos. 28, 44], grants Boelk and Transport's motions for summary judgment [Docket Nos. 25, 26], and denies Logistics' motion for summary judgment [Docket No. 27]. The court enters judgment as a matter of law in favor of Boelk and Transport on Mid-West's sole claim against them, and remands the claim against Logistics to the Lake County Court of Common Pleas.

The case is dismissed. This order is final and appealable.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 22, 2007**