UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| **BONDEX INTERNATIONAL, INC., ET AL.,** | ) ) ) | **CASE NO.1:03CV1322** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **HARTFORD ACCIDENT AND INDEMNITY CO., ET AL.,** | ) ) ) | **ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion of Plaintiff, Republic Powdered Metals, Inc., to correct the Memorandum and Order of February 10, 2009 pursuant to Federal Rule of Civil Procedure 60(a). (ECF # 919). For the following reasons, the Court denies Plaintiff's Motion.

**Background Facts**

The claims in this case arose from insurance disputes between insured companies and their insurers, including Defendant Mt. McKinley. The central issue was whether asbestos

1

related injury claims against Plaintiff companies, arising from products manufactured by the Reardon Company, were subject to policy coverage limits contained in policies issued by Defendant insurers.  Plaintiff Republic Powdered Metals, Inc., moves to correct the Memorandum and Order of the Court, dated February 10, 2009, because Plaintiff contends the Court mistakenly awarded judgment against all Plaintiffs whereas the intent of the Court was to award judgment against one Plaintiff.

According to Plaintiff, RPM, Inc. arose from a company called Republic Powdered Metals, Inc. ("Old Republic") incorporated in Cleveland in 1947.  Old Republic formed two divisions, the Reardon Company and the Republic Powdered Metals Division.  In 1971, Old Republic changed its name to RPM, Inc.  RPM then created two subsidiaries called Bondex, International, Inc. and Republic Powdered Metals, Inc., ("New Republic").

In 2002, RPM International was formed as a holding company of wholly owned RPM, Inc.  RPM International formed two new wholly owned subsidiaries, RPM Consumer Holding Co., and RPM Industrial Holding Co.  New Republic became a wholly owned subsidiary of RPM Industrial while RPM, Inc. became a wholly owned subsidiary of RPM International.  In 2010, RPM, Inc. changed its name to Specialty Products Holding Corp.

Beginning in the early 1980s and continuing through the 1990s, Bondex and RPM were named as Defendants in suits alleging their products exposed individuals to asbestos.  After the insurers exhausted their policies, Plaintiffs brought suit against the insurers, contending that certain of the asbestos suits were not product hazard claims that were subject to aggregate limits under the policies but were, in fact, assumed liabilities under the insurance agreements that were not subject to aggregate policy limits.

The insurers, including Defendant Mt. McKinley, answered and counterclaimed. Mt. McKinley, in particular, alleged at Count Three of its Counterclaim " In addition to the $39 million in indemnity payments for the asbestos bodily injury claims, Mt. McKinley paid Plaintiffs an additional $231,073 in indemnity for an unrelated nonasbestos claim." (ECF #45). The Court found for Mt. McKinley on its Counterclaim. In so finding, the Court's Order reads,

> In addition, Mt. McKinley claims that it made an overpayment of $231,073.33 in indemnity. This overpayment relates to litigation involving Gates Engineering, a subsidiary of RPM. After Gates Engineering went bankrupt, litigation concerning damages suffered as a result of the failure of a Gates Engineering product ensued. Mt. McKinley contributed $231,073.33 to resolve the claim through settlement. Mt. McKinley informed the plaintiffs on five occasions that the payments had an impact on the aggregate limits, and the plaintiffs acknowledged as much.

(ECF #885 at pg. 17)

> As previously stated, this court finds that the plaintiffs have exhausted the Mt. McKinley policies and that Mt. McKinley is entitled to reimbursement of the contested $231,073.33. Consequently, this court must enter judgment as a matter of law against the plaintiffs in Counts 1 and 3.

(ECF # 885 at pg. 22-23).

According to Plaintiff, because Gates Engineering was a subsidiary of RPM, only RPM can be liable for the repayment and the Court's use of the term "Plaintiffs" contravenes the underlying holding of the Court that the overpayment was made to RPM alone. Therefore, the Court's use of the term "Plaintiffs" was a mistake that needs to be corrected.

Mt. McKinley opposes Plaintiff's Motion, contending that its Counterclaim sought relief on the overpayment from all Plaintiffs. Mt. McKinley further contends that at no time during the eight years of litigation did Plaintiffs attempt to distinguish the defenses of New Republic nor did they seek to limit liability to RPM. Plaintiffs collectively sought coverage from all insurers,

3

including Mt. McKinley as to all entities named in the asbestos suits and Mt. McKinley, in turn, counterclaimed against all Plaintiffs for the overpayment. This case has been appealed and Plaintiffs previously sought to amend the Court's entry previously. At no time did they raise the argument that the judgment against all Plaintiffs was in error.

Finally, Mt. McKinley contends it specifically plead its Counterclaim against all Plaintiffs because the overpayment impaired the aggregate limits of Mt. McKinley's policies. Therefore, Plaintiff's Motion seeks to substantively alter the intended judgment of the Court, not correct a clerical error, and therefore, must be denied.

It is also important to note that the Order Plaintiff seeks to correct was rendered by another Judge of this District and the case was assigned to this Court in January of 2012, nearly three years after the complained of decision was entered.

## LAW AND ANALYSIS

Plaintiff brings its Motion under Fed. R. Civ. P. 60(a) which states:

Rule 60. Relief from a Judgment or Order
**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Sixth Circuit has held that the purpose of a Rule 60(a) Motion is to correct errors of a clerical nature, not of a substantive one. "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) quoting 11 C. *Wright & A. Miller, Federal Practice and Procedure* § 2854, at 240 (2d ed.1995). "The rule does not, however, authorize the court to

revisit its legal analysis or otherwise correct an 'error[ ] of substantive judgment.'" *Id.* "In that regard, when a court has undertaken to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced the court has not abused its discretion in granting relief under Rule 60(a)." *Id,* at 441. (Citations omitted).

Here, the Court finds that it cannot determine that the previously assigned Judge's ruling, rendered nearly four years ago, contains a clerical error.  However, altering the judgment substantively alters the decision of the Court, which the Sixth Circuit has expressly stated is improper under the Rule.   Mt. McKinley clearly pled its Counterclaim pluraly against all Plaintiffs and the Court rendered its decision in favor of Mt. McKinley and against all Plaintiffs. Plaintiff has not cited this Court to anything in the record demonstrating that it challenged Mt. McKinley's counterclaim based on the theory that only RPM was liable for the overpayment. Because no such argument was made and since the judgment of the Court granted Mt. McKinley the relief it sought against all Plaintiffs, the Court finds it has no basis to alter the decision of the previous Judge.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion to Correct Memorandum and Order.

Although this matter presents a close call, the Court declines to award attorney fees and costs to Mt. McKinley because it finds the Motion was not frivolous or meritless.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  November 5, 2012

5